IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | No. CR 19-00030 CJW |
| vs. | ) | |
| JOHNNY BLAHNIK CHURCH, | ) | |
| Defendant. | ) | |

**GOVERNMENT'S MEMORANDUM REGARDING SENTENCING**

The United States provides this Memorandum regarding sentencing.

**I.    CASE SUMMARY**

    A.    Witness:  Dave Beuter, Linn County Sheriff's Office

    B.    Exhibit: Surveillance Video from Linn County Jail

    C.    Issues:

        1.    Four level enhancement for possessing a firearm in connection with another offense; and

        2.    Government's motion for an upward variance.

## II. FACTUAL STATEMENT

On February 25, 2019, law enforcement searched defendant's apartment. (PSR ¶ 5). During the search, officers found two loaded firearms on an ottoman near a couch. (Id.). Officers also found 100 marijuana cartridges, each with a gram of marijuana and packaged for sale. (Id.). During an interview, defendant indicated he sold a single cartridge for $20 each. (PSR ¶ 6). Defendant's urine tested positive for cocaine and methamphetamine, but not for marijuana. (Id.).

On May 27, 2022, while confined in the Linn County Jail, defendant assaulted another inmate. (PSR ¶ 37; Exhibit 1). The assault lasted for several minutes and included and a third inmate assaulting the victim by punching him, kicking him, and hitting him with a metal tray, causing multiple serious injuries. (Id.).

## III. FOUR LEVEL ENHANCEMENT FOR POSSESSING A FIREARM IN CONNECTION WITH ANOTHER FELONY OFFENSE

The presentence report scores defendant with a four-level enhancement for possessing a firearm in connection with another felony offense, namely possession with intent to distribute marijuana. (PSR ¶ 11). Defendant objected to the enhancement; however, the presentence report correctly scores this enhancement and the Court should find a four level enhancement is appropriate.

The sentencing guidelines provide that if a defendant:

(B) used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense, increase by **4** levels

USSG §2K2.1(b)(6)(B).

Here, the defendant possessed two loaded firearms in the same apartment in which he possessed 100 marijuana cartridges that he intended to distribute. In his objection, defendant first contends the enhancement does not apply because he plead guilty to a misdemeanor offense and not a felony offense related to the marijuana. However, the application of the enhancement here does not depend on what offense defendant pleads guilty to in state court. This Court can independently find defendant was committing the felony offense of possession of marijuana with intent to distribute, which is a felony offense under both state and federal law. USSG §2K2.1, comment. (n.14).

In his objection, defendant also contends that he had a legal, valid permit to carry and it is improbable that the guns were connected to the marijuana. According to the commentary to §2K2.1:

> (B) **Application When Other Offense is Burglary or Drug Offense.**—
> Subsections (b)(6)(B) and (c)(1) apply . . . (ii) in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia.

USSG §2K2.1, comment. (n.14). Here, two loaded firearms, including one that had a round in the chamber and was, therefore, immediately ready to fire, were found in the same apartment as a substantial and valuable amount of marijuana that was clearly ready to sell. Because the firearms were found in close proximity to the marijuana that defendant intended to distribute, bolstered by the fact that the weapons were loaded and ready to use to protect defendant's stash, the application of the four level enhancement is justified.

3

## IV. GOVERNMENT'S MOTION FOR AN UPWARD VARIANCE

Defendant's advisory guideline range of imprisonment is 37 to 46 months. (PSR ¶ 72). However, in applying the statutory sentencing factors at 18 U.S.C. §3553, a sentence within this range is not the sentence that is not greater than necessary to achieve the goals of sentencing. The Court should vary upward to a sentence it finds to be no greater than necessary.

An upward variance under the statutory factors is warranted in order to deter defendant and to protect the public from his further crimes. In considering the history and characteristics of the defendant, he has demonstrated himself to be a violent and dangerous individual who poses a risk of great harm to society and who is not easily deterred from committing crimes. Defendant murdered another person and was sentenced to 50 years in prison. (PSR ¶32). But yet that sentence, and a pending federal firearms charge, did not deter defendant from violently assaulting another inmate in the jail. Therefore, defendant is at a high risk to recidivate and commit further, dangerous violent crimes in the future. Defendant's risk to recidivate is further demonstrated by his repeated crimes related to driving, including multiple convictions for driving while intoxicated. For these reasons, a

sentence above the guideline range is necessary to both deter defendant and to protect the public. 18 U.S.C. §3552(a)(2)(B)-(C).

Respectfully submitted,

TIMOTHY T. DUAX
United States Attorney

By, /s/ Anthony Morfitt

ANTHONY MORFITT
Assistant United States Attorney
111 7th Avenue SE, Box 1
Cedar Rapids, IA 52401-2101
(319) 363-6333
(319) 363-1990 (Fax)
tony.morfitt@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2022, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the parties or attorneys of record.

UNITED STATES ATTORNEY

BY: /s/lsm

Copies to:
Leon Spies
U.S. Probation